UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV- 06CV2523
JNE/JJG

| | |
|---|---|
| Anna Parrish, <br><br> Plaintiff, <br><br> vs. <br><br> Dominium Management Services, Inc., a/k/a DCL Systems, A State of Minnesota Corporation, and Tom Forester, Individually, <br><br> Defendants. | **COMPLAINT** <br><br><br><br> **JURY TRIAL REQUESTED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and Minnesota Statutory Law.

## PARTIES

3. Plaintiff Anna Parrish (hereinafter "Plaintiff") is an individual residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Dominium Management Services, Inc., a/k/a DCL Systems (hereinafter "Dominium"), upon information and belief, is a domestic corporation

SCANNED
JUN 20 2006
U.S. DISTRICT COURT MPLS

registered in the State of Minnesota, operating from an address of 2355 Polaris Lane #100; Plymouth, Minnesota 55447-4853, which principle business is property management, which in the process of collecting its own debts uses a name other than its own which indicates that a third person is collecting such debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant Tom Forester (hereinafter "Forester"), upon information and belief, is a debt collector for Dominium operating from an address of 2355 Polaris Lane #100; Plymouth, Minnesota 55447-4853, whose principle business is property management and debt collection, who in the process of collecting Dominium's debts, uses a name other than Dominium's name which indicates that a third person is collecting such debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an alleged obligation with Dominium which is otherwise a creditor as that term is defined by 15 U.S.C. § 1692a(4); however, upon information and belief, Dominium operates a shadow company within and under its control and supervision known as DCL Systems, which is engaged in the business of collecting Dominium's debts without disclosing to consumers that DCL Systems is actually Dominium and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, when a consumer calls the number that is written in the upper left hand corner underneath "DCL SYSTEMS" of the <u>Exhibit 1</u> letter, the person answering answers the phone as "Dominium," not DCL Systems.

8. Upon information and belief, DCL Systems is owned and operated as a subsidiary of Dominium, but is not a registered assumed name of Dominium as required by Minn. Stat. § 333.01.

9. The alleged obligation of Plaintiff was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt from Dominium for alleged unpaid rent, which obligation has been discharged in bankruptcy.

10. Upon information and belief, neither Dominium nor its affiliate DCL Systems, is a licensed debt collector as required under these circumstances by Minn. Stat. § 332.33.

11. Upon information and belief, Forester is not a licensed debt collector in the State of Minnesota as required under these circumstances by Minn. Stat. § 332.33.

12. On June 22, 2005, Dominium and Forester mailed a collection letter to Plaintiff, DCL System's first communication to Plaintiff. *See Exhibit 1*. Defendant Dominium mailed other demand letters to Plaintiff under its true name.

13. In the *Exhibit 1* letter, Dominium and Forester threatened to contact Plaintiff's employer if Plaintiff did not pay the alleged debt, which violates 15 U.S.C. § 1692e generally, § 1692e(5), and 1692e(10) of the FDCPA.

14. Upon information and belief, Dominium did not have a money judgment against Plaintiff on June 22, 2005 and could not levy against Plaintiff's assets.

15. In the *Exhibit 1* letter, Dominium and Forester threatened to conduct "asset searches for the purposes of levies" if Plaintiff did not pay the above referenced account, which violates 15 U.S.C. 1692 generally, § 1692e(4), § 1692e(5), § 1692e(10), and § 1692f(6) of the FDCPA, because Dominium could not take the threatened action.

16. In the *Exhibit 1* letter, Dominium and Forester requested Plaintiff send payment to DCL Systems and not to Dominium Management Services, Inc. or required that Plaintiff must speak to a representative of DCL Systems within ten days. Upon information and belief, DCL Systems is a non-existent entity, which has no representatives.

17. The use of the name "DCL Systems" to collect debts, which is not the true name of Dominium's business and which company does not have representatives, violates 15 U.S.C. § 1692e generally and § 1692e(14) of the FDCPA.

18. Upon information and belief, the Exhibit 1 letter is Defendants' first communication to Plaintiff. Forester and Dominium failed to provide a complete validation notice to Plaintiff and did not send a complete validation notice within five business days after the initial communication with Plaintiff, which violates 15 U.S.C § 1692g generally and § 1692g(a) of the FDCPA.

19. In the *Exhibit 1* letter, Forester and Dominium demand for immediate payment and threat to report Plaintiff's alleged debt to "the credit bureau and renter association…within 10 days from the date of this letter" overshadows and violates 15 U.S.C § 1692g of the FDCPA.

4

20. Upon information and belief, because DCL Systems is a non-existent entity operating under the direction, supervision, and control of Dominium, Dominium designed, compiled, and furnished the Exhibit 1 letter. Said letter constitutes a form letter, which was used to create the false belief by Plaintiff that DCL Systems and not Dominium was participating in the collection of Plaintiff's alleged debt, when in fact DCL Systems was not so participating because it cannot as it does not exist, which violates 15 U.S.C. § 1692j(a) of the FDCPA.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury of all matters in this case. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

22. Plaintiff incorporates paragraphs 1 through 21 as though fully stated herein.

23. The foregoing acts of the Defendants constitute multiple and distinct violations of the FDCPA against the Plaintiff herein, including but not limited to 15 U.S.C. § 1692 generally § 1692e(4), § 1692e(5), § 1692e(10), § 1692e(14), § 1692f(6), § 1692g(a), and § 1692j(a).

24. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from each Defendant, and for Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNTS II AND III

## VIOLATIONS OF THE
## THE MINNESOTA CONSUMER FRAUD ACT AND THE
## MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

25. Plaintiff incorporates paragraphs 1 through 24 as though fully stated herein.

26. Defendants have attempted to collect amounts allegedly due for goods and services provided to Plaintiff.

27. Defendants' actions are in connection with the sale of merchandise as defined by Minn. Stat. § 325F.68.

28. Defendants are liable for violations of the Minnesota Consumer Fraud Act by their falsely representing that their communication was from DCL Systems rather than from Dominium. This action was a misrepresentation and a deceptive practice in violation of Minn. Stat. § 325F.69. Defendants omitted from their communication that DCL Systems and Dominium are one and the same entity collecting Dominium's debt all to Plaintiff's confusion and misunderstanding.

29. Minn. Stat. § 325D.44, subd. 1, provides in part, that:

    A person engages in a deceptive trade practice when, in the course of business, violation, or occupation, the person:

    (3)  causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by another;

    (13) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

30. Defendants are liable for violations of the Minnesota Uniform Deceptive Trade Practice Act by their falsely representing that DCL Systems and Dominium are

separate entities when, upon information and belief, they are one and the same entity. Defendants' violations include, but are not limited to the following:

<u>Deceptive Practice/Multiple Collection Tactics</u>

Defendants engaged in deceptive practices likely to cause confusion or misunderstanding as to affiliation, connection, or association with, or certification, by another in violation of Minn. Stat. § 325D.44, subd.1(3) and subd.1(13).

31. As a result Plaintiff is entitled to receive equitable relief in the form of injunctive relief together with costs and disbursements, including cost of investigation and reasonable attorney's fees, and other equitable relief as determined by the court, pursuant to Minn. Stat. §§ 325F.69, 325.D.45, and 8.31, subd. 3a.

### DECLARITORY AND INJUNCTIVE RELIEF

32. Plaintiff incorporates by reference paragraphs 1 through 31 above.

33. Plaintiff is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 65.

34. Plaintiff is entitled to a declaration that Defendants' use of conflicting and deceptive collection practices are unlawful and a violation of Minnesota's Consumer Fraud Act and Uniform Deceptive Trade Practices Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### <u>COUNT I: FDCPA VIOLATIONS</u>

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- For an award of costs of litigation and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant for Plaintiff herein;

**COUNTS II AND III: MINNESOTA STATUATORY VIOLATIONS**

- For equitable relief in the form of an injunctive against Defendants, together with costs and attorney fees, pursuant to Minn. Stat. §§ 325F.69 and 325D.45 against Defendants, for Plaintiff herein;

- For declaratory judgment that Defendants have violated the FDCPA, and that Defendants have violated Minnesota's Consumer Fraud Act and Uniform Deceptive Trade Practices Act;

- For an award of costs and disbursements, including costs of investigation and reasonable attorney's fees, and such other equitable relief as determined by the Court pursuant to Minn. Stat. § 8.31, Subd. 3a.; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated: June 14, 2006               MARSO, MICHELSON & HARRIGAN, P.A.

By: _____
William C. Michelson
Attorney for Plaintiff
Attorney I.D. No.: 129823
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817

**ATTORNEY FOR PLAINTIFF**